UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaTRIVIA E. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEDICAL BOARD OF CALIFORNIA,<br><br>　　　　　Defendant. | No. 2:24-cv-3253 DAD AC PS<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

A.　Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff brings suit against the Medical Board of California. ECF No. 1 at 2. As a basis for jurisdiction, plaintiff marks "Federal Question" and lists discrimination, Fourteenth Amendment Due Process, unfair and deceptive business practices, the Eighth Amendment right to be informed, the Sixth Amendment protection from retaliation, and conspiracy in violation of the criminal code. Id. at 4. Plaintiff alleges that between 2021 and 2022 she filed a complaint against

Tenderloin Mental Health and three mental health workers. Id. at 6. Plaintiff was informed that once the complaint was filed, she would not be informed about the outcome of the investigation. Id. However, in 2022 she received a call from a person named Genevive stating that the Medical Board did not receive a release of information from plaintiff. Id. Genevive explained that because the complaint had been on file for 3 years without signed release documents, it was being dismissed. Id. at 7. Plaintiff relayed her intention to go to the medical board in person. Id.

Plaintiff moved to Sacramento in 2024 and contacted Genevive to tell her that she had relocated and that she wanted an appointment to talk. Id. Genevive contacted plaintiff and told her that she did not need an appointment, but that plaintiff would have to start the complaint process over because the prior complaint had been closed. Id. at 7-8. Plaintiff went to the medical board in person repeatedly, but she could not find Genevive; it appeared Genevive was retired. Id. at 8.

Plaintiff alleges that she is now being repeatedly assaulted and that someone destroyed her tent with a steel pole. She alleges she is "repeatedly being assaulted by the street people they use." Id. at 9.

C. Analysis

This complaint must be dismissed, for several reasons. First, the complaint is barred by the Eleventh Amendment, which bars suit against a state agency, such as the Medical Board of California. Rhee v. Med. Bd. of California, No. 2:18-CV-0105 KJM DMC, 2019 WL 4025002, at *1, 2019 U.S. Dist. LEXIS 145903 (E.D. Cal. Aug. 27, 2019); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because the Medical Board of California is a state agency, the Eleventh Amendment bars plaintiff from suing it in federal court.

Second, the complaint fails to establish a basis for federal jurisdiction. Although plaintiff indicates that jurisdiction is based on the presence of a federal question and identifies numerous federal statutes and constitutional provisions, she does not connect any of the alleged facts to violations of federal law, and there are no obvious connections. Plaintiff states a clear set of facts: she filed a complaint with the Medical Board, the Board told her that her complaint could not be investigated because she had not signed the necessary release forms, and the Medical

Board therefore did not investigate the complaint. These facts do not and cannot establish a violation of any federal law of which the court is aware. The complaint fails to satisfy 28 U.S.C. § 1331 because it does not contain a claim arising under a federal law or the United States Constitution and is not authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. See Baker v. Carr, 369 U.S. 186, 198 (1962).

Third, the complaint fails to state a claim upon which relief may be granted. Plaintiff does not specify any cause of action in relation to the facts alleged, and no potentially cognizable cause of action is apparent from the face of the complaint. For all of these reasons, the complaint must be dismissed.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because the facts you allege do not support any legal claim. You may object to this recommendation within 21 days if you wish to do so.

## IV. Conclusion

The court ORDERS that the motion to proceed IFP (ECF No. 2) is GRANTED.

Further, the undersigned recommends that that the complaint (ECF No. 1) be DISMISSED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure

to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 7, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE